IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

| IN THE MATTER OF: | CASE NO. **22-03336-MAG** |
|---|---|
| **EDWIN ORTIZ ORTIZ** | CHAPTER **13** |
| Debtor | |

*STATEMENT OF PURPOSE TO AMEND CHAPTER 13 PAYMENT PLAN*

**TO THE HONORABLE COURT:**

    **NOW COME** debtors through the undersigned attorney and to the Honorable Court respectfully prays as follows:

1. In compliance with Federal Rule of Bankruptcy Proceeding 1009 and Local Bankruptcy Rule 1009-1, debtors provides a Statement Purpose as to the amended Chapter 13 Payment Plan in order to amend Part 3 Section 3.2.

    **WHEREFORE**, debtors very respectfully request that this Court take note of the amendments and of the compliance with its rules.

**CERTIFICATE OF ELECTRONIC FILING AND SERVICE**

    I hereby certify that on this date copy of this motion has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to **JOSE R CARRION MORALES,** Chapter 13 Trustee, and also certify that I have mailed by United States Postal Service copy of this motion to the non CM/ECF participants.

**RESPECTFULLY SUBMITTED.**

    In Guayama, Puerto Rico, this 28th day of March, 2023.

                                                **/s/MANUEL E. FUSTER MARTINEZ**
                                                *Attorney for Debtor*
                                                *PO Box 1464*
                                                *GUAYAMA, PR  00785*
                                                *PHONE (787) 864-3015*
                                                *FAX     (787) 866-1827*
                                                *E-MAIL fuster_law_office@yahoo.com*
                                                *USDC-PR 200513*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

In Re:

**EDWIN ORTIZ ORTIZ**

XXX-XX-3468
XXX-XX-_____

**PR Local Form G**
**Chapter 13 Plan dated** 03/28/2023.

Case No.: 22-03336-MAG

Chapter 13

☒ Check if this is a Pre-Confirmation amended plan.

☐ Check if this is a Post Confirmation amended plan
Proposed by:
  ☒ Debtor(s)
  ☐ Trustee
  ☐ Unsecured Creditor(s)

☐ If this is an amended plan list below the sections of the plan that have been changed.
PART 3 SECTION 3.2

## PART 1: Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. **The headings contained in this plan** are inserted for reference purposes only and shall not affect the meaning or interpretation of this Plan.

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court.** The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you must file a timely proof of claim in order to be paid under this plan, unless ordered otherwise.

If a claim is withdrawn by a creditor or amended to an amount less than the amount already disbursed under the plan on account of such claim: (1) The trustee is authorized to discontinue any further disbursements to related claim; (2) The sum allocated towards the payment of such creditor's claim shall be disbursed by the trustee to Debtor's remaining creditors. (3) If such creditor has received monies from the trustee (Disbursed Payments), the creditor shall return funds received in excess of the related claim to the trustee for distribution to Debtor's remaining creditors. (4) If Debtor has proposed a plan that repays his or her creditors in full, funds received in excess of the related claim shall be returned to the Debtor.

The following matters may be of particular importance. Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☒ Included | ☐ Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | ☐ Included | ☒ Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | ☒ Included | ☐ Not included |

## PART 2: Plan Payments and Length of Plan

### 2.1 Debtor(s) will make payments to the trustee as follows:

| PMT Amount | Period(s) | Period(s) Totals | Comments |
|---|---|---|---|
| $ 300 | 4 | $ 1,200 | |
| $ 325 | 56 | $ 18,200 | |
| | | $ 0 | |
| | | $ 0 | |
| | | $ 0 | |
| Subtotals | 60 | $ 19,400 | |

*Insert additional lines if needed*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

### 2.2 Regular payments to the trustee will be made from future income in the following manner:

*Check all that apply.*

☐ Debtor(s) will make payments pursuant to a payroll deduction order.
☒ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment): _____

### 2.3 Income tax refunds:

Debtor(s) will supply the trustee with copy of each income tax return filed during the plan term within 14 days of the filing the return and will comply with 11 U.S.C. § 1325(b)(2). If the Debtor(s) need(s) to use all or a portion of such "Tax Refund," Debtor(s) shall seek court authorization prior to any use thereof.

### 2.4 Additional payments:

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

☐ Debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.

_____
_____

## PART 3: Treatment of Secured Claims

### 3.1 Maintenance of payments and cure of default, if any.

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☒ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated, pro-rated unless a specific amount is provided below. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Current Installments Payments (Including escrow) | Amount of arrearage (If any) | Interest rate on arrearage (If any) | Monthly Plan PMT on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| SISTEMA DE RETIRO DE PR | URB LA HACIENDA ST54 AN 18 | $ 479.00 | $ _____ | _____ % | $ _____ | $ _____ |
| | | Distributed by: <br> ☐ Trustee <br> ☒ Debtor(s) | | _____ Months | Starting on Plan Month _____ | |

| Name of Creditor | Collateral | Current Installments Payments (Including escrow) | Amount of arrearage (If any) | Interest rate on arrearage (If any) | Monthly Plan PMT on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| _____ | _____ | $ _____ | $ _____ | ____ % | $ _____ | $ _____ |
| | | Distributed by:<br>☐ Trustee<br>☒ Debtor(s) | | ____ Months | Starting on Plan Month ____ | |
| Name of Creditor | Collateral | Current Installments Payments (Including escrow) | Amount of arrearage (If any) | Interest rate on arrearage (If any) | Monthly Plan PMT on arrearage | Estimated total payments by trustee |
| _____ | _____ | $ _____ | $ _____ | ____ % | $ _____ | $ _____ |
| | | Distributed by:<br>☐ Trustee<br>☒ Debtor(s) | | ____ Months | Starting on Plan Month ____ | |

*Insert additional lines as needed.*

3.2 **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

☒ The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below. If no monthly payment is listed below, distribution will be pro-rated according to section 7.2.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) Payment of the underlying debt determined under nonbankruptcy law, or

(b) Discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor. See Bankruptcy Rule 3015.

| Name of Creditor | Estimated Amount of Creditor's Total Claim | Collateral | Value of Collateral | Amount of Claims Senior to Creditor's Claim | Amount of Secured Claim | Interest Rate % | Monthly PMT to Creditor | Estimated Total of Monthly PMTs |
|---|---|---|---|---|---|---|---|---|
| POPULAR AUTO | $ _____ | _____ | $ 11,000.00 | $ _____ | $ 11,000.00 | 4.250 % | $ _____ | $ 11,848.50 |
| | | | | | | | ____ Months | Starting on Plan Month ____ |
| _____ | $ _____ | _____ | $ _____ | $ _____ | $ _____ | ____ % | $ _____ | $ _____ |
| | | | | | | | ____ Months | Starting on Plan Month ____ |

*Insert additional lines as needed.*

3.3  **Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☐ The claims listed below were either:

(1) Incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) Incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only payments disbursed by the trustee rather than by the debtor. If the Trustee is to disburse and no monthly payment amount is listed below, distribution will be prorated according to plan section 7.2.

| Name of Creditor | Collateral | Amount of Claim | Interest Rate | Monthly plan payment | Estimated total payments by Trustee |
|---|---|---|---|---|---|
| _____ | _____ | $ _____ | ____% | $ _____ | $ _____ |
| | | | ____ Months Starting on Plan Month ____ | Distributed by: ☒ Trustee ☐ Debtor(s) | |
| Name of Creditor | Collateral | Amount of Claim | Interest Rate | Monthly plan payment | Estimated total payments by Trustee |
| _____ | _____ | $ _____ | ____% | $ _____ | $ _____ |
| | | | ____ Months Starting on Plan Month ____ | Distributed by: ☒ Trustee ☐ Debtor(s) | |

*Insert additional lines as needed.*

3.4  **Lien Avoidance.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*
The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.

☐ The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). If more than one lien is to be avoided, provide the information separately for each lien. If no monthly payment is listed below, distribution will be prorated according to plan section 7.2.

| Information regarding judicial lien or security interest | Calculation of Lien Avoidance | | Treatment of Remaining secured claim |
|---|---|---|---|
| Name of Creditor | a. Amount of lien | $ _____ | Amount of secured claim after avoidance (line a minus line f) |
| _____ | b. Amount of all other liens | $ _____ | $ _____ |
| Collateral | c. Value of claimed exemptions | + $ _____ | Interest Rate (if applicable) |
| Lien identification (such as judgment date, date of lien recording, book and page number) | d. Total of adding lines a, b and c | $ ____0 | [ ____%]  ____ Months Starting on Plan Month ____ |
| _____ | e. Value of debtor's interest in property | — $ _____ | Monthly Payment on secured claim $ _____ |

|  | f. Subtract line e from d. | $ 0 | Estimated total payments on secured claim |
|---|---|---|---|
|  | Extent of exemption impairment | | $ |
|  | (check applicable box) | | |
|  | ☒ Line f is equal to or greater than line a. *The entire lien is avoided (Do not complete the next column.)* | | |
|  | ☐ Line f is less than line a. *A portion of the lien is avoided. (Complete the next column.)* | | |

*Insert additional lines as needed.*

**3.5** **Surrender of collateral.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

☒ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of creditor | Collateral |
|---|---|
| AEELA | SAVING AND SHARES |
| COOP A/C ELECTRO-COOP | SAVING AND SHARES |

*Insert additional lines as needed.*

**3.6** **Pre-Confirmation Adequate Protection Monthly Payments ("APMP") to be paid by the trustee.**

☒ Payments pursuant to 11 USC §1326(a)(1)(C):

| Name of Secured Creditor | $ Amount of APMP | Comments |
|---|---|---|
| POPULAR AUTO | $ 125 | UNTIL CONFIRMATION OF THE PLAN |

*Insert additional lines as needed.*

Pre-confirmation adequate protection payments made through the Plan by the trustee are subject to corresponding statutory fee.

3.7  **Other Secured Claims Modifications.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.7 need not be completed or reproduced.*

☐ Secured Claims listed below shall be modified pursuant to 11 U.S.C. § 1322(b)(2) and/or § 1322(c)(2). Upon confirmation, the Trustee shall pay the allowed claim as expressly modified by this section, at the annual interest rate and monthly payments described below. Any listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated, pro-rated unless a specific amount is provided below. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If no monthly payment amount is listed below, distribution will be prorated according to plan section 7.2.

| Name of Creditor | Claim ID # | Claim Amount | Modified Interest Rate | Modified Term (Months) | Modified P&I | Property Taxes (Escrow) | Property Insurance (Escrow) | Total Monthly Payment | Estimated Total PMTs by Trustee |
|---|---|---|---|---|---|---|---|---|---|
| _____ | ___ | $ _____ ☑ To be Pay In Full 100% | ___% | ___ | $___ | $___ | $___ | $ 0.00 Starting on Plan Month ___ | $ ___ |
| _____ | ___ | $ _____ ☐ To be Pay In Full 100% | ___% | ___ | $___ | $___ | $___ | $ 0.00 Starting on Plan Month ___ | $ ___ |
| _____ | ___ | $ _____ ☐ To be Pay In Full 100% | ___% | ___ | $___ | $___ | $___ | $ 0.00 Starting on Plan Month ___ | $ ___ |

*Insert additional lines as needed.*

## PART 4: Treatment of Fees and Priority Claims

4.1  **General**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

4.2  **Trustee's Fees**

Trustee's fees are governed by statute and may vary during the term of the plan, nevertheless are estimated for confirmation purposes to be 10 % of all plan payments received by the trustee during the plan term.

4.3  **Attorney's fees**

*Check one*

☑ **Flat Fee:** Attorney for Debtor(s) elect to be compensated as a flat fee their legal services, up to the plan confirmation, according to LBR 2016-1(f).

OR

☐ **Fee Application:** The attorneys' fees amount will be determined by the Court, upon the approval of a detailed application for fees and expenses, filed not later than 14 days from the entry of the confirmation order.

| | |
|---|---|
| Attorney's fees paid pre-petition | $ 300.00 |
| Balance of attorney's fees to be paid under the plan are estimated to be: | $ 3,700.00 |
| If this is a post-confirmation amended plan, estimated attorney's fees: | $ 0.00 |

4.4  **Priority claims other than attorney's fees and those treated in §§ 4.5, 4.6.**

   *Check one.*

   ☒ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

   ☐ The Trustee shall pay in full all allowed claims entitled to priority under §507, §1322(a)(2), estimated in $_____ .

   | Name of Priority Creditor | Estimate Amount of claim to be paid |
   |---|---|
   | _____ | $ _____ |
   | _____ | $ _____ |
   | _____ | $ _____ |
   | _____ | $ _____ |

   *Insert additional lines as needed.*

4.5  **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

   *Check one.*

   ☒ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

   ☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim under 11 U.S.C. § 1322(a)(4). *This plan provision requires that payments in § 2.1 be for a term of 60 months; see 11 U.S.C. § 1322(a)(4).*

   | Name of Creditor | Estimated Amount of claim to be paid |
   |---|---|
   | _____ | $ _____ |
   | _____ | $ _____ |
   | _____ | $ _____ |
   | _____ | $ _____ |
   | _____ | $ _____ |

   *Insert additional lines as needed.*

4.6  **Post confirmation property insurance coverage**

   *Check one.*

   ☒ **None.** *If "None" is checked, the rest of § 4.6 need not be completed or reproduced.*

   ☐ The debtor(s) propose to provide post confirmation adequate protection to the secured creditors listed below by providing property insurance coverage.

   | Name of Creditor Insured | Insurance Company | Insurance Coverage Beginning Date | Estimated Insurance Premium to be paid | Estimated total payments by Trustee |
   |---|---|---|---|---|
   | _____ | _____ | _____ | $ _____ <br> Distributed by: <br> ☐ Trustee <br> ☒ Debtor(s) | $ _____ |
   | _____ | _____ | _____ | $ _____ <br> Distributed by: <br> ☒ Trustee <br> ☐ Debtor(s) | $ _____ |

   *Insert additional lines as needed.*

## PART 5: Treatment of Nonpriority Unsecured Claims

**5.1** **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

- [ ] The sum of $_____.
- [ ] _____% of the total amount of these claims, an estimated payment of $_____.
- [x] The funds remaining after disbursements have been made to all other creditors provided for in this plan.
- [ ] If the estate of the Debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $_____.

**5.2** **Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one*

*Check one.*

[x] **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

[ ] The debtor(s) will maintain the contractual installment payments and cure any default in payments on the unsecured claims listed below on which the last payment is due after the final plan payment. Contractual installment payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. The claim for the arrearage amount will be paid in full as specified below and disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Current installment payments | Amount of arrearage to be paid | Estimated total payments by trustee |
|---|---|---|---|
| _____ | $_____ <br> Distributed by: <br> [x] Trustee <br> [ ] Debtor(s) | $_____ | $_____ |
| _____ | $_____ <br> Distributed by: <br> [x] Trustee <br> [ ] Debtor(s) | $_____ | $_____ |

*Insert additional lines as needed.*

**5.3** **Other separately classified nonpriority unsecured claims.** *Check one.*

*Check one.*

[x] **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

[ ] The nonpriority unsecured allowed claims listed below are separately classified and will be treated as follows: (If Trustee is to disburse and no monthly payment amount is listed below, distribution will be prorated according with plan section 7.2.)

| Name of creditor (Claim No.) | Base for separate classification | Treatment (to be paid prorated) | Amount to be paid on the claim (if applicable) | Interest Rate (if applicable) | Months | Starting on Plan Month | PMT Amount | Estimated total amount of payments |
|---|---|---|---|---|---|---|---|---|
| _____ | _____ | [ ] In Full – 100% <br> [ ] Less than 100% <br> [ ] Paid by co-debtor <br> [x] Other (Explain) _____ | $_____ | _____% | ____ | ____ | $____ | $_____ |
| _____ | _____ | [ ] In Full – 100% <br> [ ] Less than 100% <br> [ ] Paid by co-debtor <br> [x] Other (Explain) _____ | $_____ | _____% | ____ | ____ | $____ | $_____ |

*Insert additional lines as needed.*

## PART 6: Executory Contracts and Unexpired Leases

6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected. *Check one.*

   *Check one.*

   ☒ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

   ☐ **Assumed items.** Current installment payments will be disbursed either by the trustee or directly by the debtor(s), as specified below, subject to any contrary court order or rule. Arrearage payments will be disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Description of leased Property or executory Contract | Current Installment payment | Amount of arrearage to be paid | Treatment of arrearage (Refer to other plan section if applicable) | Estimated total payments by Trustee |
|---|---|---|---|---|---|
| _____ | _____ | $ _____ <br> Distributed by: <br> ☐ Trustee <br> ☒ Debtor(s) | $ _____ | _____ | $ _____ |
| _____ | _____ | $ _____ <br> Distributed by: <br> ☒ Trustee <br> ☐ Debtor(s) | $ _____ | _____ | $ _____ |

*Insert additional lines as needed.*

## PART 7: Vesting of Property of the Estate & Plan Distribution Order

7.1 Property of the estate will vest in the debtor(s) upon

   *Check the applicable box:*

   ☐ plan confirmation.
   ☒ entry of discharge.
   ☐ other: _____.

7.2 **Plan Distribution by the Trustee will be in the following order:**
   *(Numbers bellow reflects the order of distribution; same number means prorate distribution among claims with same number.)*

   1. Distribution on Adequate Protection Payments (Part 3, Section 3.6)
   1. Distribution on Attorney's Fees (Part 4, Section 4.3)
   1. Distribution on Secured Claims (Part 3, Section 3.1 total) - *Current contractual installment payments*
   2. Distribution on Post Confirmation Property Insurance Payments (Part 4, Section 4.6)
   2. Distribution on Secured Claims (Part 3, Section 3.7)
   2. Distribution on Secured Claims (Part 3, Section 3.1 total) – *Arrearage Payments*
   3. Distribution on Secured Claims (Part 3, Section 3.2 total)
   3. Distribution on Secured Claims (Part 3, Section 3.3 total)
   3. Distribution on Secured Claims (Part 3, Section 3.4 total)
   3. Distribution on Unsecured Claims (Part 6, Section 6.1)
   4. Distribution on Priority Claims (Part 4, Section 4.5 total)
   5. Distribution on Priority Claims (Part 4, Section 4.4 total)
   6. Distribution on Unsecured Claims (Part 5, Section 5.2)
   6. Distribution on Unsecured Claims (Part 5, Section 5.3)
   7. Distribution on General Unsecured claims (Part 4, Section 5.1)

   Trustee's fees are distributed before each of the distributions above described pursuant to 28 U.S.C. § 586(e)(2).

## PART 8: Nonstandard Plan Provisions

8.1 Check "None" or list the nonstandard plan provisions.

☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

**Each paragraph must be numbered and labeled in boldface type, and with a heading stating the general subject matter of the paragraph.**

The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.

**8.2 - 3.7 Retention of Lien: (LFB-G Part 3)**
The holder of any allowed secured claim provided for by the plan §§ 3.2, 3.3, or 3.4 will retain the holder's lien(s) on all property interest(s) of the debtor(s) or the estates(s) until the earlier of:
(a) payment in full of the underlying debt determined under non-bankruptcy law, or
(b) discharge of the underlying debt under 11 USC § 1328, at which time the lien will terminate and be released by the creditor.
In addition, if this chapter 13 case is dismissed or converted without the completion of the plan, all such liens to the extent recognized by the applicable nonbankruptcy law.
This § 3.7 does not apply to claims treated under § 3.1 of the plan.

**8.3-** Debtor will pay directly insurance to Banco Popular De Puerto Rico auto loan upon maturity of contract approximately on October 27, 2023.

## PART 9: Signature(s)

/s/MANUEL E FUSTER MARTINEZ          Date  03/28/2023
**Signature of attorney of debtor(s)**

Date _____

Date _____

*Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)*

By filing this document, the Attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Local Form G (LBF-G), other than any nonstandard provisions included in Part 8.